A. R. BEAM and others v. E. B. JENNINGS and others.

*Wills—Land directed to be sold—Legal estate in the heir until execution of power.*

1. A testator directed his land to be sold at public auction, and the money arising therefrom to be divided among his children; *Held* that upon the death of the testator, the legal estate does not vest in the executor of the will, but descends to the heir, to be held until the power is executed.

2. If the will does not devise the land, but creates a power to sell it, then, upon the execution of the power, the purchaser is in under the will; but in the meantime, the land descends and the estate is in the heir.   The power is not the estate, but only an authority over it and a legal capacity to convey it.

(*Ferebee* v. *Proctor*, 2 Dev. & Bat., 439, cited and approved).

EJECTMENT tried at Spring Term, 1883, of CLEAVELAND Superior Court, before *Shipp, J.*

The plaintiffs claimed the land in dispute as children and heirs-at-law of Annie Beam, who was the daughter and heir of John Long, who died about the year 1819 or 1820, and the said Annie

married Peter Beam during the life of her father.  The plaintiffs showed the title out of the state, and that said John Long bought the land from Samuel Irwin, and they offered evidence tending to establish the fact that John Long had occupied and claimed the land for more than seven years under his deed from Irwin, but the years were not specified.

The defendants introduced a deed from John Long to one Henry Smith, dated in 1816, for a part of the land, to show that the title to so much thereof was not in the plaintiffs, and that they could not recover the part embraced in that deed.  The plaintiffs excepted to the introduction of that deed, because, as they contended, they had alleged in their complaint that the defendants claimed title to the land from Peter Beam, the husband of the said Annie, and they had not traversed the allegation, and were estopped to deny that they claimed otherwise than under Peter Beam.

The defendants also offered in evidence the will of John Long, the ancestor of the plaintiffs, in which, among other things, he directed :

That his homestead plantation, and his other lands, several negroes, and all other property not disposed of by the will, be sold at public auction, and the money remaining after payment of his debts and expenses, should be divided among his three daughters and his son Henry Long, if Henry be living, and if not, then it was to be divided among his three daughters.  The testator appointed three executors of his will.

There was evidence tending to show a sale of the negroes and other property after the testator's death,  but at that sale there was no sale of the land.

The defendants contended that under the above clause of the will, Annie Beam took no land of her father, but that the same was, by the will, converted into personalty, and that the plaintiffs could not recover in this action.

The following issues were submitted to the jury :

1. Are the plaintiffs the owners of the land in controversy, or any part thereof?   No.

2. Do the defendants wrongfully withhold the possession thereof? No.

3. What damages, if any, are the plaintiffs entitled to for the unlawful detention (if so found) of said land?

The court charged the jury that, under the will of John Long, the plaintiffs' remedy, if they have any, was by bill in equity to compel the executors to execute the power of sale, and the plaintiffs could not recover the land in this form of action. The plaintiffs excepted to this charge.

The jury responded in the negative to the first and second issues, as indicated above. Judgment for the defendants, and appeal by plaintiffs.

*Messrs. Hoke & Hoke,* for plaintiffs.
*Mr. W. P. Bynum,* for defendants.

ASHE, J. The only question arising on the appeal is, whether there was error in the judge's charge to the jury, and that involves the inquiry whether in a devise of lands to be sold, and the money arising from the sale to be divided among certain persons, the legal estate is vested, upon the death of the testator, in the executors of the will, or descends to the heirs, to be held by them until the power is executed.

On this question there is, in the decisions of the courts and among the text-writers, considerable diversity of opinion. Some hold, with whom is Mr. HARGRAVE, in his note on Coke Litt., 113, that whether the devise be to the executors to sell the land, or that the executors shall sell, or that the land be sold by the executors, a fee-simple will be vested in the executors; but in Sugden on Powers, 133, and Williams on Executors, 579, it is laid down that, until a sale by the executors, where a power of sale of land is given by the will, the land descends in the interim to the heirs-at-law.

The counsel for the defendants strenuously resisted this latter position, contending that the land, upon the death of the tes-

tator, was converted at once into personalty, and consequently the legal estate could not vest in the heirs, and, therefore, they could not maintain the action.

On the other hand, the plaintiffs' counsel, admitting the doctrine of an equitable conversion, contended that it was a maxim of the common law that the freehold of land must vest in some one; that unless the land was devised to the executors so as to vest the legal estate in them, it gave them a mere naked authority; and, until the power was executed by them, the legal estate necessarily descended to the heirs; "for in this state," the counsel said, "the doctrine *in nubibus* does not obtain, and it had never been very well settled in England."

When there are conflicting authorities upon a question of law, and the court finds itself at sea, tossed here and there by adverse currents of decisions and opinions, it will be very sure to find a safe roadstead where it can anchor upon a judicial opinion of that eminent jurist, Chief-Justice RUFFIN. In the case of *Ferebee* v. *Procter*, 2 Dev. & Bat., 439, which was a case very much like this, where the testator directed "all his lands not given away, to be sold, and after my debts are paid, the residue of my estate to be divided between my wife, son and daughter," the question was presented, whether the land descended to the children and heirs of the testator until the power of sale was executed, and the Chief-Justice used the following language:

"We concur with him (the judge below), then, in thinking the premises were not devised to the executors, nor to the wife and children; but we do not concur in the opinion that they did not descend to the children; on the contrary, we think that they did descend, for the very reason that they were not devised, and therefore necessarily descended. Nothing can defeat the heir but a valid disposition to another. Whatever is not given away to some person must descend. The heir takes, not by the bounty of the testator, but by the force of the law, even against the express declaration of the testator to the contrary. If the will does not devise the land, but creates a power to sell it, then, upon the execution of the power, the purchaser is in under the will, as *if his*

name had been inserted in it as devisee. But in the meantime the land descends, and the estate is in the heir. The power is not the estate, but only an authority over it, and a legal capacity to convey it." This, we think, settles the question.

There is error. Let this be certified to the superior court of Cleaveland county, that a *venire de novo* may be awarded.

Error.                                              *Venire de novo.*