It appears that William Johnson died in the county of Buncombe on 20 September, 1890, leaving a last will and testament, which was duly proven, and the plaintiff qualified as executor thereof. *Page 431 
The following is so much of the will as need be reported:
"In the event of my death without other and further distribution of the remainder of my estate, it is my wish and desire that this paper-writing be taken as in effect and purpose my last will and testament, and the basis of the final distribution of my effect; and to that end I hereby appoint my son Thomas D. Johnson my executor, who is hereby fully charged with the duty and authority of carrying out the purposes and intent expressed in it, viz., a distribution of equal portions of my remaining property to each of my children, or their lineal heirs, with the same conditions annexed as expressed in my deed of gift now about to be made, and taking herewith and take receipt therefor of like tenor (621) and manner as those bearing even date with these presents. And in regard to property not easily parceled out and assessed in equal portions, whether the same be lands or stock, real or personal property, it is my direction that the same be sold at public auction to the highest bidder for cash, or on time, duly advertising the time, place, terms, etc.; and after deducting the necessary expenses and his reasonable commission, divide the proceeds equally among my children or their lineal heirs as herein directed.
"But at said sale the said Thomas D. Johnson is not to be debarred from becoming a purchaser on account of his executorship, but is to be on equal footing in regard thereto with the rest of my children. My purpose being not only to secure equality in distribution of my effects among my children according to the terms and limitations and conditions expressed in my said deed of gift, but also to hedge them in with safeguards against the contingency of litigation. It being an expressed condition of this and each bestowment that the recipient in receiving the same recognizes the validity and effect of this paper-writing as my last will and testament, and thereby expressly pledge their acquiescence and assent to the provisions and conditions thereof both now and ever hereafter.
"In testimony whereof I have hereunto set my hand and seal this 18 September, 1885.
"WM. JOHNSON." [Seal.]
The devisees and legatees of this will each contends for a different interpretation of some of its material provisions, and insists upon different views of the powers of the executor to be exercised in the administration of the estate. The latter brings this action against the former, and asks the court to interpret the will, and particularly to advise and direct him as to his duties in the following specified respects: *Page 432 
(622) "1. That the plaintiff, by this action, desires to obtain from the court its advice, direction and opinion in construing said will, and as to his duty thereunder, and especially in the following particulars:
"First. Whether, by the terms of said will, he should divide or partition among the devisees and legatees mentioned therein the said real estate, or any part thereof, and if so, should he assign the value of the several parts; and whether said will vests in him a discretion as to which part should be divided by metes and bounds, and which part should be sold.
"Second. That if the court shall be of the opinion that any part should be divided among the said devisees and legatees, would it be the duty of the plaintiff, as executor, to make such division and to execute deeds to the devisees for their several allotments, or would they each take as purchasers under said will, simply?
"Third. That if the court be of the opinion that the plaintiff should execute deeds as aforesaid, should the deeds so executed contain the conditions and limitations annexed to the property by the provisions of said will?
"Fourth. If the court be of the opinion that the plaintiff should execute deeds with said conditions and limitations as aforesaid, how would the plaintiff take title as one of said devisees under the will?
"Fifth. That if the said real estate in the opinion of the court should be sold as a whole or in part (provided in plaintiff's judgment the same cannot be divided by metes and bounds without prejudice to the parties in interest), should the plaintiff execute deed in fee simple to the purchasers free from all conditions and limitations contained in said will, and divide the proceeds of said sale, taking from the said legatees and devisees their receipt with such conditions and limitations (623) expressed therein and of the same tenor and in like manner as was taken from said devisees and legatees by testator in receipt dated 18 September, 1885, as per copy herewith annexed, marked Exhibit `B.'
"Sixth. If, in the opinion of the court, the said real estate or any part thereof should be sold for division under said will, and any of the said legatees and devisees should purchase at said sale, should the plaintiff as executor execute to them deeds in fee simple without the conditions and limitations expressed therein?
"Seventh. That the plaintiff is willing and ready to do and perform any and all of the opinions and directions of the court in the premises, and prays that the court will advise and direct him in each and every one of the particulars above stated, and in such other particulars as to the court may seem proper in construing said will."
Upon the facts admitted the court gave judgment, whereof the following is a copy: *Page 433 
"Upon these facts the court is of opinion and adjudges as follows:
"1. That Thomas D. Johnson is vested with the power, and it is his duty, as executor, to divide the real and personal estate devised and bequeathed in said will equally among the said devisees and legatees whenever in his judgment such estate can be easily parceled out and assessed in equal portions. But whenever, in his judgment, any of said real or personal estate cannot be easily parceled out and assessed in equal portions, the said executor is authorized and it is his duty to sell the same in the manner directed in said will.
"2. That it is the duty of said executor to make such division, or cause the same to be made under his supervision, in such manner as will best conduce to perfect equality of division as nearly as possible. That any allotment of such real estate should be in writing under the hand and seal of said Thomas D. Johnson, which refers to the will under which it is made and designates and allots to every devisee his (624) or her part of the real estate actually divided in severalty, and states the cash value fixed upon such real estate as is in it allotted as of the time of the death of the testator, but contains no conditions, limitations or restrictions, and this writing shall be duly proved or acknowledged and registered in said county as deeds are ordinarily proved or acknowledged and registered in said county according to law.
"3. In making such division or allotment, or division and allotment, the executor shall take, signed by every devisee and legatee, six receipts, of like tenor with that mentioned in finding of fact No. 4, for the amount of the value of the real and personal estate so to such devisees and legatees respectively allotted as fixed by said executor in making such division or allotment, or division and allotment, as aforesaid, as by said will directed, which receipts shall contain the conditions and stipulations set forth specifically in said will. At any sale of said real or personal estate, or any part thereof, made by said executor for division as aforesaid, any of said devisees and legatees may become a purchaser, and take such property or estate so purchased, as would any other person, not a devisee or legatee as aforesaid, who should purchase at said sale.
"4. That the plaintiff executor pay the costs of this action, to be taxed by the clerk of this court."
The will before us to be interpreted is peculiar in its form and the method of the disposition of the testator's large estate. He first devised a scheme of division of his property, both real and personal, among his children, which is embodied in what he styles "my (his) *Page 434 
(625) deed of gift," which was executed at the same time he executed his will, is particularly referred to in and made part of it. By this deed he gave, at the time of its execution, to each of his children, in equal amounts, considerable parts of his personal property upon terms, conditions and limitations expressed therein, and took from them a receipt therefor, joint and several in its form, in which they recite that they respectively received the property upon such terms, conditions and limitations as are recited in the deed. As to further future dispositions of property to his children, to take effect in his lifetime, or after his death, except as to "such legacies, bequests and devises as I (he) may make by a last will and testament under different limitations and conditions," he directs that they shall be made and received by them "upon the express provisions and conditions that the same shall be held by my (his) said children, and each of them, in their own names, respectively; and that all uses, changes and investments of the principal of the same shall be made in their own names respectively," etc. This deed provides and directs, much in detail, that the testator's children shall severally share equally his property, and how they shall receive, have, own and enjoy the same, and it specifies certain terms, conditions and limitations affecting the several shares. In it the testator directs his executor to take receipts for the property so bequeathed and devised "of like tenor and manner" with that taken by himself above-mentioned.
The deed above referred to is clearly made a material and substantial part of the testator's will. He refers to its in the first paragraph thereof as "my (his) deed of gift now about to be made and taking (taken) herewith," etc. Indeed, the will would be incomplete without it. In the first clause of his will he declares that, "In the event of my death without other and further distribution of the remainder of my estate, it is my wish and desire that this paper-writing be taken as in effect and purpose my last will and testament, and the basis of the final distribution of my (626) effects; and to that end I hereby appoint my son, Thomas D. Johnson, my executor, who is hereby fully charged with the duty and authority of carrying out the purposes and intent expressed in it, viz., a distribution of equal portions of my remaining property to each of my children, or their lineal heirs, with the same conditions annexed as expressed in my deed of gift, now about to be made and taking herewith, and take receipt therefor of like tenor and manner as those bearing even date with these presents." The deed thus constituting part of the will, must be so interpreted in all pertinent respects, and have due weight and force in fixing the dispositions of the property and determining the power of the executor. Siler v. Dorsett, ante, 300.
The testator disposes of his whole property exclusively to his children. He gives to no one of them any particular property, but plainly directs *Page 435 
that the whole, both real and personal, shall be divided equally among them. At the time he executed the will and that part of it called the deed of gift, he gave each of them an equal amount of personal property, and, keeping in view his purpose of just equality, he directs "a distribution of equal portion of my remaining property to each of my (his) children, or their lineal heirs, with the same conditions annexed as expressed in my deed of gift," etc. Indeed, the whole will manifests a deep affection for all his children alike, and a settled purpose that they shall in equal measure share his bounty.
It appears that the testator, at the time of his death, had large and valuable real estate, consisting of city lots, mountain land, undivided fractional mineral interests in large tracts of land, and that an actual division of all of them cannot be made among the devisees without prejudice to all, or some of them. He did not devise particular tracts, or parcels of land to any of his children, nor did he give any one or more of them specific legacies; he devised and bequeathed the whole of his property, both real and personal, as a whole, to be equally divided (627) among them. And a chief purpose he had in view was equality in the division, made in such way as would most certainly promote the interests of all. Hence, he made his dispositions of his property, both real and personal, very general, and the "basis of the final distribution of" the same; and hence, too, he "fully charged (his executor) with theduty and authority of carrying out the purpose and intent expressed in" his will, that is, "a distribution of equal portions of my (his) remaining property to each of my (his) children, or their lineal heirs," etc. He did not determine that his property, real and personal, other than money, could and should be actually divided among his children; at all events, he intentionally left that to be determined after his death. He thought parts of it (parts of the land, stocks and other personal property) might be actually divided, and to the advantage of his children. In such case, when it can be done, it is made the duty of the executor to make such division, otherwise he is required to sell the property, real or personal, and turn the same into a cash fund for such division. If it should turn out, for any cause, that such actual division cannot be made, that it would better promote the interests of the devisees and legatees to turn the whole property into a cash fund for division, then, and in that case, it will be the duty of the executor to sell the whole for such purpose. It was, therefore, the testator said in general terms: "And, in regard to the property not easily parceled out and assessed in equal portions, whether the same be lands, or stock, or personal property, it is my direction that the same be sold at public auction," etc.
It is expressly made the duty of the executor to carry "out the purposes and intent expressed in" the will, to distribute the property, both *Page 436 
real and personal embraced by it. It is very obvious that the testator had great confidence in the ability, integrity and good judgment of his son Thomas, and his fitness to be the executor of his will. He (628) fully charges him with the "duty and authority" of carrying out the purposes and intent expressed in it, viz.: "A distribution of equal portions of my remaining property to each of my children," etc. He is "fully charged with the "duty and authority" to effectuate such purpose. It is his duty to make the division, and he has full authority to that end, and when, in good faith, he has made it, it will be effectual. Thus, if the land, or parts of it, can be divided, he must make the division, and so also as to the personal property. If such actual division cannot be made, "parceled out and assessed in equal portions," then he should sell the property as directed, turn the same into a cash fund and divide the same. It is his duty, in making such division, to assess the value and allot the property to the devisees and legatees. He may call to his aid the experience and observation of others, if he shall see fit to do so, but the division and allotment must be his own. His judgment and action must prevail. Moreover, he is made the judge of what property cannot, for any cause, be "easily parceled out and assessed in equal portions." As to this, he should exercise a sound, not an arbitrary, discretion.
In case of such actual division of the property, real or personal, or any part of it, the devisee or legatee will take and have title under and by virtue of the will, and hence it will be sufficient for the executor to execute a paper-writing, under his hand and seal, specifying the division made and the allotment of the same in severalty to the particular devisee or legatee, making appropriate reference to the will and his power as executor under the same. Such paper-writing should be duly proven and registered as in case of deeds required to be registered. Moreover, the executor should take from the devisees and legatees, in case of such division, a receipt in substance and form such as that mentioned and referred to in the will.
In case the property, or any part of it, shall be sold, the sale (629) should be made strictly as directed by the will, and the executor should execute to the purchaser a proper deed conveying the absolute title to the purchaser. The deed should appropriately refer to the will and the power of the executor to sell the property and make title therefor.
In case the devisees, or any of them, shall purchase property at such sale, the executor should execute to him a proper deed for the property so purchased by him, just as if he were not such devisee. He should take a receipt from such devisee for his part of the fund divided when the division shall be made. *Page 437 
It is very apparent that the testator did not intend to put the executor at any disadvantage, but on a footing equal with the other devisees and legatees. No special provision is made for ascertaining and allotting the share of the executor. Hence, in the absence of such provision, in dividing property, whether real or personal, he should set apart a share for himself equal with the shares respectively of the other devisees or legatees, and should execute a paper-writing, under his hand and seal, to the effect that in such division his share had been allotted to him, and the same should be proven and registered. Thus, the evidence of such division and allotment would be established and made perpetual. Furthermore, the executor should execute a "receipt" — a paper-writing — in all respects like the receipts he is required to take from the other devisees and legatees, reciting in the face thereof that he had received his share or some part thereof, of the estate of the testator, and such paper should be filed in the clerk's office with the other papers and records of the estate. These receipts should be carefully preserved, as they may become important in an action or actions to enforce the conditions and limitations therein specified.
It is expressly provided in that part of the will specifying (630) the terms, conditions and limitations of the devises and bequests as follows: "And in case any or either of my said children shall have any issue which shall arrive at the age of twenty-one years, whether in the lifetime or after the death or deaths of each of my said children, then the gifts and advancements herein made to such of my said children respectively, or which may come to them on any future distribution of my estate, shall vest in such of my said children respectively, or in their respective lineal heirs `per stripes' absolutely and released and discharged from all the terms, limitations and provisions herein imposed."
When, therefore, it appears to the executor that one of the devisees and legatees has issues that has so arrived at the age of twenty-one years, the receipt required need not specify such terms, conditions and limitations, but these may be omitted. It should, however, specify particularly that such issue had arrived at that age, thus suggesting the reason for such omission.
This action is brought by the executor simply to obtain the advice and direction of the court as to his duties under the will. We are not called upon, nor would it be proper for the court below, or for us, to express any opinion as to the rights of any party claiming under the will who is a party to the action. The purpose of the action is not to litigate, but to settle and determine the rights of parties.
The advice and direction given by the court below, so far as it extended, was substantially correct, and we approve and affirm the same. *Page 438 
It should, however, have given the additional advice and direction indicated in this opinion, and it will amend and enlarge its entry so as to embrace the same. To that end, let this opinion be certified to the Superior Court.
Remanded.
(631)