EDWARD D. FOLEY et al. executors, &c., complainants,

*v.*

WILLIAM R. DEVINE, defendant.

[Decided January 9th, 1924.]

1. A testamentary gift of power of sale over real estate, although unlimited by the words of its creation, or other express language elsewhere in the will, may be limited by implication; the question is to be determined by the ascertainment of testator's intent as in all cases of testamentary interpretation.

2. Such a power of sale, when given to executors or trustees, not for their own personal benefit, must be deemed a power in trust and intended to be used only in aid of the other powers and duties devolving upon the donees.

3. In such case a limitation in time is necessarily to be presumed, to wit, that the power is to continue only so long as there remains unfulfilled objects or purposes of testator in aid of which he intended that the power should or might be exercised.

4. Such a power may, when necessary, be validly exercised for the purpose of providing funds for a judicial final accounting by, and compensation to, the donee in trust.

On final hearing.

*Mr. Thomas Hagerty* and *Mr. William Danberry,* for the complainants.

*Mr. Paul W. Ewing,* for the defendant.

BUCHANAN, V. C.

Complainants (vendors) pray decree against defendant (vendee) for specific performance of contract for the sale of certain lands in Middlesex county. The defense is that complainants cannot convey a good or marketable title.

The underlying question is as to complainants' right or power to convey the lands in question, which were owned by complainants' testatrix.

The latter's will, probated April 18th, 1912, after providing for the payment of debts and funeral expenses and three small money legacies, proceeds as follows:

"*Fifth.* All, the rest, residue and remainder of my property both real and personal, I give, devise and bequeath unto my executors hereinafter named, in trust, to invest the same, and to use the net income therefrom and as much of the principal thereof as they may deem necessary, for the support, maintenance and education of Annie Kendra, who now lives with me as Annie McCloskey, until she shall attain the age of twenty-one years; and upon the said Annie Kendra attaining the age of twenty-one years, then I give, devise and bequeath as much as may be left of my property, both real and personal, to her, her heirs, executors, administrators and assigns forever.

"If the said Annie Kendra does not attain the age of twenty-one years, then and in that case I give, devise and bequeath my said residuary estate unto St. Joseph's Seminary of Baltimore, Maryland, by whatever corporate name it may be known, its successors and assigns forever.

"*Sixth.* I hereby constitute and appoint Edward D. Foley and his wife, Nellie Foley, executors of this my last will and testament, with power and authority to sell and dispose of any or all of my real estate, at such times and upon such terms as they may deem proper, either at public or private sale, and to make good and sufficient conveyances for the same, and I hereby expressly exonerate them from giving bonds."

Annie Kendra survived testatrix, subsequently attained twenty-one years of age, and thereafter died prior to the making of the contract in suit.

The sixth paragraph of the will gives the executors a power of sale over the real estate; the fifth paragraph vests in them legal title to the real estate on certain trusts. There are, therefore, two branches to the investigation.

Complainants admit that they have not, and did not, have at the making of the contract any legal title under which they could sell and convey, so that it is unnecessary to pursue this branch of the investigation at any length. It may be said, however, that complainants' admission in this behalf seems justified and necessitated. The language of the will indicates clearly to my mind that testatrix's intent and meaning was a devise of legal title to the executors terminating at the date of Annie Kendra's majority or at her death, whichever should first occur. If under the words of

the will the extent of the legal title devised be otherwise uncertain, such extent will be implied, and such only, as is requisite and adequate to enable the performance of the trusts imposed upon the "executors." The principle is the same as that applied where trust duties are imposed requiring legal title in the trustee, and no devise of any legal title is expressly made; in such case a devise of legal title is implied to the extent requisite. *Cf. Wright* v. *Keasbey, 87 N. J. Eq. 51* (at *pp. 53, 54*).

I think, therefore, that the legal title in the executors in fact terminated when Annie Kendra reached twenty-one years of age, and that she thereupon became vested of a legal estate in fee-simple therein.

Now, as to the power of sale. The words of its creation are as broad, general and comprehensive as could possibly have been used. There is no expressed limitation thereon of any kind, either as to territorial extent or time of exercise, either in the words creating it or elsewhere in the will. Is there any implied limitation? Complainants' contention is, in effect, that in such a case there is not, and cannot be, any implied limitation thereon. Defendant contends that a limitation is implied by the devise to Annie Kendra, and that the power cannot now be validly exercised. Neither contention is correct in my view.

The fact that the legal title to the lands in question is devised to another, does not itself operate as such implied limitation. *Bacot* v. *Welmore, 17 N. J. Eq. 250; Wetmore* v. *Midmer, 21 N. J. Eq. 242; Hatt* v. *Rich, 59 N. J. Eq. 492; Randolph* v. *Rafferty (Court of Errors and Appeals), 92 N. J. Eq. 428.* In such a case the devisee's title is subject to the power of sale, and will be divested (even from subsequent grantees) by the valid exercise of the power. *Hatt* v. *Rich, supra.* So, also, where the title is in an heir instead of a devisee. *Morse* v. *Hackensack Savings Bank, 47 N. J. Eq. 279.*

On the other hand, it is obvious that there is an implied limitation, namely, as to time, upon these powers of sale, in practically every instance, to wit, such limitation as pre-

vents it from violating the rule against perpetuities. If the testator should expressly say—"this power is to be exercisable at *any* time forever henceforth"—the grant of the power would be void from the beginning, as contravening the perpetuity rule. To prevent that result in the case of a power not limited in terms, a limitation must needs be implied—and it is implied unconsciously and as a matter of course. Yet how can even such a limitation be justly implied, except by reference to the testator's purposes and objects for which, expressly or impliedly, the power was given?

It would seem clear that a testamentary gift of power of sale must stand upon precisely the same footing as any other testamentary gift; that the ascertainment and determination of its nature and extent is, as it would be in the case of gift of anything else, a matter of the ascertainment of the intent of the testator; and that such ascertainment and determination is to be gained as in all other cases from a consideration of the entire will and the surrounding circumstances (*Cf. Torrey* v. *Torrey, 70 N. J. Law 673; Coyle* v. *Donaldson, 91 N. J. Eq. 188*), and as well, therefore, by implication as by express words.

Where the power is not given to the donee for his individual benefit, but is given to a fiduciary, an executor or trustee, it is obviously given to him for the purpose of enabling him or assisting him to carry out the duties imposed upon him by the will, and for no other purpose. It is so difficult to conceive, as to be impossible of belief, that any testator should intend that an executor or trustee, after the termination of his duties—after the entire completion of the administration of the estate and of all testamentary trusts—should still continue to hold, and to be able validly to exercise, indefinitely, a power of sale—no matter how broad and unlimited the words of its creation. To what end? For what purpose? For whose benefit, since it may not be for his own benefit?

Even short of the period involved in the perpetuity rule, an unlimited power of sale would often be an unreasonable,

if not intolerable, restraint upon alienation. The devisee of the land and his subsequent grantees take, subject to the exercise of the power of sale, as hereinbefore shown. An outstanding power of sale therefore would, as a practical matter, prevent the devisee from selling—for who would buy? Common sense indicates that a testator who devises lands to a beneficiary intends the latter to have the beneficial interest in those lands, except to the extent that it is impaired by a power of sale given for what the testator deemed paramount purposes. The power of sale is to be deemed paramount therefore to the extent of those purposes, but not further, to the extent, and the extent only, that there appear testamentary objects and purposes in aid of which the testator intended that power might be used.

The principle is stated in *31 Cyc. 1051:* "The duration of a power is dependent upon the intention of the grantor or donor, as shown by the terms of the instrument creating it, the purposes had in view and the circumstances surrounding the transaction."

There are a number of decisions in this state holding that limitations upon a power may be implied, including *Bacot* v. *Wetmore, supra,* and *Cruikshank* v *Parker, 51 N. J. Eq. 21* (which are cases of limitation as to territorial extent. The latter was reversed (*Cruikshank* v. *Parker, 52 N. J. Eq. 310*) not, however, on the ground that an implied limitation could not exist, but on the ground that it did not exist in that case). *Brearley* v. *Brearley, 9 N. J. Eq. 21,* and *Moores* v. *Moores, 41 N. J. Law 440.*

The principle is stated in *Peters* v. *Lewes Railroad Co., 18 Ch. Div. 433,* that "powers, although framed in general terms, are limited by the nature of the limitations contained in the settlement or will," quoted in *Halt* v. *Rich, supra,* and *Morse* v. *Hackensack Savings Bank, supra.* I do not interpret the latter case, nor the appellate opinion in *Cruikshank* v. *Parker, supra,* as laying down any different rule. Rather does the *Cruikshank Case* (at *p. 314* top) indicate precisely the same thing.

I take it as undoubtedly the law, therefore, that a power of sale, in trust, without limitation by express words as to the time of its exercise, is in all cases deemed to be limited in that regard by the objects and purposes in aid of which it was given—it is to be deemed that testator intends it to exist no longer than there remains unfulfilled any object or purpose for the furtherance of which it was created.

On the other hand, it is, of course, equally true that where it is apparent that there remains undone something which the testator intended the trustee should or might do, and in aid of which he intended the power of sale should or might be exercised, the power is still alive and may be validly exercised, except in those cases where the only person or persons intended to be benefited by such exercise elect the contrary. *Cf. Maddock* v. *Progressive Investment Co., 79 N. J. Eq. 139* (at *p. 142*).

Such was the case in *Hatt* v. *Rich, supra,* and *Randolph* v. *Rafferty, supra,* and such is the case in the present controversy. For it appears by the supplemental proofs taken at the adjourned hearing that, although the administration proper of the estate of testatrix was long ago completed and the debts and expenses and legacies fully paid and allowed upon judicial accounting, nevertheless there has never been an accounting for the active trust; that such accounting was not made when the beneficiary attained her majority because of her mental condition (then supposed to be but temporary); that there still remains unpaid a part of the expense of the administration of that trust, to wit, compensation to the trustees for their services therein; and that there are no assets whatever from which such payment can be made except the real estate in question [the four months' rent since the death of Annie Kendra is not only insufficient for such payment, but is no part of the estate of the testatrix] that all the other assets of the estate have been disbursed in carrying out the provisions of the will and in accordance with such provisions.

I conclude, therefore, that complainants may validly exercise the power of sale; that they are able to convey good and marketable title to defendant thereby, and that they are entitled to decree for specific performance. They should, of course, forthwith, upon the completion of the sale, complete their trust duties by a final accounting.

Under the circumstances no costs will be awarded.