WILLIS R. POWELL, ADMINISTRATOR, v. NORFOLK-CAROLINA TIMBER
CORPORATION.

(Filed 25 May, 1927.)

**Wills—Trusts—Contingent Interests—Sales—Statutes—Powers of Sale—
Estates—Contingent Remainders.**

Where specific lands are devised for the contingent use of persons *in esse*
and *in fuisse,* and sold in proceedings for partition, reserving the interests
of all by reinvestment for the then unascertainable devisees under the
provisions of our statute, see *Springs v. Scott,* 132 N. C., 548, and cases
approving the decision, and also under a duly exercised power conferring
upon the trustee or executor, see *Mewborn v. Moseley,* 177 N. C., 110, and
case approving this decision, the purchaser in either event gets a good
title.

APPEAL by defendant from *Nunn, J.,* at April Term, 1927, of EDGE-
COMBE.

Controversy without action, submitted on an agreed statement of facts.

Plaintiff, being under contract to convey to the defendant all the
timber of given dimensions, on a certain lot of land, duly executed and
tendered deed therefor, and demanded payment of the purchase price as
agreed, but the defendant declines to accept the deed and refuses to make
payment of the purchase price, claiming that the title offered is defective.

It was agreed that if in the opinion of the court, under the facts sub-
mitted, the plaintiff was able to convey a good title to the timber in
question, judgment should be entered for the plaintiff; otherwise, for
the defendant.

The court, being of opinion that the title offered was sufficient to
convey the timber as per agreement, gave judgment for the plaintiff,
from which the defendant appeals, assigning errors.

*Henry C. Bourne for plaintiff.*
*H. H. Philips for defendant.*

STACY, C. J. On the hearing, the sufficiency of the title offered was
properly made to depend upon the construction of the following item in
the will of Ann Blount Powell:

"Fifth: For the sole purpose of making sale and distribution of the
remainder of my estate, I give and devise all the remainder and residue
real and personal to my executors hereinafter mentioned, with full power
to sell and convey all my right, title, and interest therein, or any part
thereof, at such times and on such terms as they may deem advisable for
the best interest of all concerned; and I give and bequeath the proceeds
arising from such sale or sales, except as herein mentioned, to all my

children, share and share alike, that is, they shall have an equal share and same paid over to them without unnecessary delay, except the share to my son Frank, and my daughter Kathleen, whose shares I will and direct to be held in trust for them by my executors, who shall pay to my said son and daughter only the interest or income arising from their respective shares regularly at least once a year, so long as they may live, and at their death or the death of either of them to pay over their share to their children, share and share alike, provided such children are 21 years of age at time of parent's death, but to hold the share or shares of any such children who are not 21 years of age at such time, until they reach such age and pay only the income from their share or shares to them until such time, and then pay over to them their respective shares in full, and I further will and direct, so far as I may be able lawfully to do, that the said respective shares of my said daughter Kathleen and my said son Frank shall not be subject to any of their debts, nor shall their incomes therefrom while in the hands of my executors, nor shall the share or the income of my daughter ever be subject to the debts or control of her husband; and I likewise further will and direct that they    . and none of their children shall have any right or power to encumber, bargain away, transfer, or sell their respective shares, or any of the income or the interest therein, until they become entitled thereto in full in their own right as herein provided."

The fact situation is that William H. Powell, named as executor in the last will and testament of Ann Blount Powell, duly qualified as such on 17 November, 1911, and died the following year, before the settlement of the estate had been completed, and on 30 March, 1912, Willis R. Powell was duly appointed administrator of the estate *d. b. n., c. t. a.* Thereafter said administrator, together with the other interested devisees, deeming it to the best interest of all parties that the land devised in item five of the will should be actually partitioned and divided, rather than sold for division, brought a special proceeding for that purpose, in which Lot No. 6, the title to which is now in controversy, was allotted "to Willis R. Powell, administrator of Ann Blount, in trust for Kathleen Irwin Johnson and her children." The report of the commissioners in this proceeding was duly confirmed by the court on 18 November, 1912, and the plaintiff herein has since been, and is now, in the actual possession and control of said Lot No. 6, under the terms and conditions set out in item five of the will, as appears above. Kathleen Irwin Johnson is now living, 55 years of age, and she has three children, Mary Johnson Penniman, age 35 years, Henry Irwin Johnson, age 26 years, and Ann Johnson, age 20 years. In April, 1927, the plaintiff herein filed a petition in the Superior Court of Edgecombe County, entitled "In re Willis R. Powell, administrator *d. b. n., c. t. a.,* of Ann Blount

Powell, and trustee under said will for Kathleen I. Johnson and her children, *ex parte,"* in which he set out the offer of the defendant herein for the timber mentioned in the contract, etc. Upon consideration of said petition, and after due inquiry, the clerk entered judgment authorizing and empowering the plaintiff herein to accept the offer of the defendant for said timber, and to execute therefor a good and sufficient deed with usual covenants and warranty of title, and to hold the purchase price as a part of the *corpus* of his trust, as above set out. This judgment was duly approved by the judge holding the courts of the Second Judicial District. Whereupon plaintiff duly tendered deed, but as the question of title was not adjudicated in that proceeding, the defendant declined to accept deed, and this controversy has been instituted to determine the question of title.

It can make no difference, so far as the defendant is concerned, whether the plaintiff's authority to convey the timber in question is derived from the judgment in the special proceeding or from the provisions of item five in the will of Ann Blount Powell. The power derived from either source would seem to be sufficient, the former under authority of *Springs v. Scott,* 132 N. C., 548, and cases subsequently affirming the same doctrine, and the latter by virtue of what was said in *Mewborn v. Moseley,* 177 N. C., 110, and *Clifton v. Owens,* 170 N. C., 607.

On the record as presented, we think the judgment is correct, and ought to be upheld.

Affirmed.