ODELL B. DOUB AND WIFE, BERNICE H. DOUB; ESTELLE G. HARPER, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF W. L. HARPER, DECEASED; EMILY HARPER OGBURN AND HUSBAND, CARL D. OGBURN; EMILY C. OGBURN, UNMARRIED, AND CARL D. OGBURN, JR., UNMARRIED, v. ANDREW BLAINE HARPER, WIDOWER; ELIZABETH SIMPSON HARPER, WIDOW; ELIZABETH SHANNON HARPER, AN INFANT 13 YEARS OF AGE; LEAH ELIZABETH HARPER, AN INFANT 7 YEARS OF AGE; AND ANY AND ALL PERSONS NOT NOW IN BEING, AND ANY AND ALL PERSONS UNDER ANY DISABILITY, AND ANY AND ALL PERSONS WHOSE NAMES AND RESIDENCES ARE NOT KNOWN, WHO, BECAUSE OF OR IN ANY CONTINGENCY MAY, TO ANY DEGREE OR EXTENT BECOME INTERESTED IN THE LANDS INVOLVED IN THIS ACTION WHICH WAS BROUGHT TO QUIET TITLE TO SAID LANDS.

(Filed 7 June, 1951.)

1. **Executors and Administrators § 12b—**

A testator may confer on his executor by his will the power to sell his real property for any lawful purpose to which the testator wishes the proceeds of his real property to be applied.

2. **Same—**

A testamentary power to sell real property generally continues as long as there remains an unfulfilled object or purpose of testator in aid of which it was intended that the power should or might be exercised.

3. **Same—**

Whether a testamentary power to sell real property extends beyond the period that the executor is to perform his ordinary legal duties in settling the personal estate depends on the intention of the testator as expressed in the will.

4. **Wills § 31—**

A phrase in a will should not be given a significance which clearly conflicts with the evident intent and purpose of the testator as gathered from the four corners of the instrument.

5. **Executors and Administrators § 12b—Power of disposition held not terminated upon completion of administration of personalty and the filing and approval of final account.**

Testator made his wife his executrix and devised his real property to his wife for life and then to his children, with provision that should she remarry the realty should be equally divided between her and the children, with further provision giving the executrix power to sell "any and all property of my estate during its administration or confirmation," immediately followed by power to sell at public or private sale and transfer legal title thereto. *Held:* The power to sell does not terminate upon the completion of the administration of the personalty, and the filing and approval of the final account, but such power continues during the life of the widow or until her remarriage so she may sell and reinvest in order to effectuate the purpose of testator that the property bring in an income for the use of the widow.

6. **Executors and Administrators § 26—**

An executor does not abrogate a testamentary provision giving him power to sell the realty after the completion of the administration of the personal estate by making a final settlement, but neither the final account nor its approval by the clerk and discharge of the executor can affect matters not included or necessarily involved in the account.

Appeal by plaintiffs from *Nettles, J.,* at the March Term, 1951, of Forsyth.

Civil action under G.S. 41-10 to quiet title to realty.

The controlling facts are not in dispute. They are summarized in the numbered paragraphs set forth below.

1. W. L. Harper, a resident of Forsyth County, North Carolina, died intestate on 15 December, 1936, survived by his widow, Estelle G. Harper; his son, James Lewis Harper; and his daughter, Emily Harper Ogburn. The daughter is married to Carl D. Ogburn, and has two children, Emily C. Ogburn and Carl D. Ogburn, Jr. W. L. Harper left a small personal

estate, and an undivided one-third interest in 190 acres of land situate in Lewisville Township, Forsyth County, North Carolina.

2. The will of W. L. Harper was admitted to probate before the Clerk of the Superior Court of Forsyth County on 8 January, 1937. The will contains these provisions:

First. After the payment of my just debts, including my funeral expenses, I bequeath and devise all my real estate, or any interest therein to my wife, Estelle G. Harper, during her lifetime and then absolutely to my two children, Emily Ogburn and James Lewis Harper, share and share alike in fee simple. Should my wife, Estelle G. Harper, remarry, then this real estate shall vest immediately in three equal parts in Estelle G. Harper, Emily Ogburn and James Lewis Harper in fee simple. Should either Emily Ogburn or James L. Harper predecease their mother, Estelle G. Harper, then their children shall share in the estate *per stirpes.*

Second. I devise and bequeath all of the residue of my property, both personal and mixed of whatsoever kind or nature to my wife, Estelle G. Harper during her lifetime and after her death to my two children, Emily Ogburn and James L. Harper absolutely. Should my wife, Estelle G. Harper, remarry, then all my personal property shall be divided equally between my wife, Estelle G. Harper and my two children, Emily Ogburn and James Lewis Harper share and share alike absolutely and in case of the death of either of my two children before my wife, then their children shall share in the property *per stirpes.*

Third. I nominate and appoint Estelle G. Harper as Executrix of this my last will and testament, and designate that the said Executrix shall not be required to give bond by the court administering this will and I give unto my said Executrix full power to sell, mortgage, hypothecate, invest, re-invest, exchange, manage, control and in any way deal with any and all property of my estate during its administration or confirmation and the said Executrix is hereby given authority to sell real estate or personal property at public or private sale and convey the same by such Deeds or other instruments of conveyances as may be necessary to transfer legal title thereto.

3. Letters testamentary were issued to Estelle G. Harper as executrix of the will of W. L. Harper by the Clerk of the Superior Court of Forsyth County on 8 January, 1937.

4. Estelle G. Harper, Executrix of the Will of W. L. Harper, filed an *ex parte* final account in the office of the Clerk of the Superior Court of Forsyth County on 5 May, 1938, showing that she had fully administered upon the personal estate of her testate. The Clerk thereupon entered an order approving the final account and purporting to discharge the executrix.

5. James Lewis Harper, a resident of Forsyth County, died intestate on 13 January, 1946, survived by his widow, Elizabeth Simpson Harper, and his two daughters, Elizabeth Shannon Harper and Leah Elizabeth Harper.

6. Estelle G. Harper filed an *ex parte* petition before the Clerk of the Superior Court of Forsyth County on 4 January, 1950, alleging the matters set forth above and praying "that the estate of . . . W. L. Harper be . . . reopened to the end . . . that . . . Estelle G. Harper, Executrix named in the will of the said W. L. Harper, may exercise the power of sale of real property contained in said will, and that she may in all other respects take such steps as may be deemed necessary to effectuate the terms of said will and to fully administer the estate of the said W. L. Harper." The Clerk entered an order on the same day, granting the prayer of the petition.

7. Estelle G. Harper, Executrix of the will of W. L. Harper, executed a deed on 5 January, 1950, sufficient in form to convey the undivided one-third interest in the 190 acre tract to the plaintiff, Odell B. Doub, in fee simple. The deed was made pursuant to a private sale, and the consideration for it was $3,333.33.

8. The plaintiffs brought this action against the defendants on 27 December, 1950, alleging in specific detail that the plaintiff Odell B. Doub acquired an indefeasible title to the undivided one-third interest in the 190 acres under the deed of 5 January, 1950, and that the defendants make unfounded claims to estates in such property adverse to him. The plaintiffs pray judgment quieting the title of the plaintiff, Odell B. Doub, as against such unfounded adverse claims. The defendants, Andrew Blaine Harper and Elizabeth Simpson Harper, suffered judgment to be taken against them without answer. But the other defendants filed an answer through their guardian *ad litem,* William S. Mitchell, admitting that they claim estates in the property in question adverse to the plaintiff, Odell B. Doub, under the will of W. L. Harper, and alleging in specific detail that the deed of 5 January, 1950, is void because the testamentary power of sale conferred on Estelle G. Harper, Executrix, by the will of W. L. Harper terminated on 5 May, 1938, when the personal estate of the testator was finally settled. The answering defendants seek a cancellation of the deed.

When the cause came on for hearing, the plaintiffs and the answering defendants waived trial by jury under G.S. 1-184. After hearing the testimony presented by the parties, the presiding judge made findings conforming to the facts set forth above, concluded as a matter of law thereon that Estelle G. Harper, as Executrix, had no power under the will of W. L. Harper to convey the property in controversy to the plaintiff, Odell B. Doub, and entered judgment canceling the deed of 5 Janu-

ary, 1950. The plaintiffs excepted and appealed, assigning the conclusion of law and judgment as error.

*E. M. Whitman for plaintiffs, appellants.*
*William S. Mitchell for answering defendants, appellees.*

ERVIN, J.   The appeal presents this single question for determination: Did Estelle G. Harper, Executrix of the Will of W. L. Harper, have testamentary authority on 5 January, 1950, to sell the undivided one-third interest in the 190 acre tract to the plaintiff, Odell B. Doub?

These legal principals are pertinent to this inquiry:

1. A testator may confer on his executor by his will the power to sell his real property for any lawful purpose to which the testator wishes the proceeds of his real property to be applied. *Powell v. Timber Corp.,* 193 N.C. 794, 138 S.E. 161; *Trogden v. Williams,* 144 N.C. 192, 56 S.E. 865, 10 L.R.A. (N.S.) 867; *Johnson v. Johnson,* 108 N.C. 619, 13 S.E. 183; *Beam v. Jennings,* 89 N.C. 451; *Ferebee v. Procter,* 19 N.C. 439.

2. A testamentary power to sell real property generally continues as long as there remains an unfulfilled object or purpose of the testator in aid of which it was intended that the power should or might be exercised. 33 C.J.S., Executors and Administrators, section 278; *Foley v. Devine,* 95 N. J. Eq. 473, 123 A. 248; *Crozer v. Green,* 298 Pa. 438, 148 A. 506.

3. Whether a testamentary power to sell real property extends beyond the period that the executor is to perform his ordinary legal duties in settling the personal estate depends on the intention of the testator as expressed in the will.   33 C.J.S., Executors and Administrators, section 278; *Sharpe v. Ogle,* 138 Md. 10, 113 A. 340.

The court below adjudged that Estelle G. Harper, Executrix of the Will of W. L. Harper, did not have testamentary authority to make the sale in controversy. Although the judgment does not ascribe any reason for this decision, it is evident that the trial court concluded that the testator conferred the power of sale on his executrix by the third item of his will merely to facilitate her performance of her ordinary legal duties in collecting his assets, paying his debts and settling his personal estate, and that consequently the power of sale terminated on 5 May, 1938, when she filed a final account showing the completion of these ordinary legal tasks.

Candor compels the confession that the provision of the third item giving the executrix power to sell "any and all property" of the testator "during its administration or confirmation" undoubtedly lends color to this construction of the will. Nevertheless, such construction clearly conflicts with the evident intent and purpose of the testator when due heed is

paid to everything within the "four corners of the instrument." *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. When this is done, it becomes apparent that the testator did not use the words "during its administration or confirmation" to indicate the time required by his executrix to discharge her ordinary legal duties of collecting his assets, paying his debts, and settling his personal estate, but that he employed them to define the period in which his will committed the management of his entire property to his widow, Estelle G. Harper, either in her fiduciary capacity as executrix or in her individual character as the primary object of his bounty.

A consideration of all the provisions of the will discloses the dominant purpose of the testator to devote the entire income from all his property to the support of his widow until she dies or remarries. To this end, he gives her all of his estate, both real and personal, for life or during widowhood. Moreover, he confers on his executrix the express power to sell, exchange, invest, and reinvest "any and all property" of his estate. Even the caviler cannot contend that the power to exchange, invest, and reinvest the real property of the testator is related in any way to the ordinary duties of his executrix to collect his assets, pay his debts, and settle his personal estate. The grant of such power by the testator to his executrix manifests the deliberate intention on his part to have his estate actually yield an income to his widow during the time she is entitled to enjoy it.

These things being true, it necessarily follows that the testator intended that the power of his executrix to sell, exchange, invest, and reinvest his property should not terminate at the settlement of his personal estate, but should continue until the death or remarriage of his widow. Inasmuch as the object or purpose of the testator to have his estate yield income to his widow throughout her life or widowhood had not been fulfilled on 5 January, 1950, his executrix had authority under his will to sell the property in question to the plaintiff, Odell B. Doub, and to invest the proceeds of the sale in other property, so that the widow might use such other property or the income arising thereon until her death or remarriage. It is noted here that the will explicitly empowers the executrix "to sell real estate . . . at private sale and to convey the same by such deeds or other instruments of conveyance as may be necessary to transfer legal title thereto."

In reaching the conclusion that the executrix had power to make a valid sale of the realty in question on 5 January, 1950, we have not overlooked the fact that she filed a final account on 5 May, 1938, showing that she had fully administered upon the personal estate, or the further fact that the Clerk of the Superior Court entered an order on that day approving such final account and purporting to discharge the executrix.

Manifestly, an executor does not abrogate a testamentary provision giving him power to sell the realty of his testator after completion of the administration of the personal estate by making a final settlement of the personal estate. *Sharpe v. Ogle, supra.* Moreover, neither the final account of an executor nor an order of the probate court approving it is operative as to matters not included or necessarily involved in the account. *Edwards v. McLawhorn,* 218 N.C. 543, 11 S.E. 2d 562. Furthermore, an order of discharge made by the probate court on a final accounting by an executor cannot do more in any event than discharge the executor from liability for the past. It does not destroy the executorship, or revoke an unexecuted power of sale conferred on the executor by the will. *Starr v. Willoughby,* 218 Ill. 485, 75 N.E. 1029, 2 L.R.A. (N.S.) 623. Hence, neither the final account nor the order of the Clerk deprived the executrix of the power conferred upon her by the will to sell the real estate in question.

There is no impropriety in the order made by the Clerk on 4 January, 1950. *In re Trust Co.,* 210 N.C. 385, 186 S.E. 510.

For the reasons given, the judgment canceling the deed of 5 January, 1950, is set aside, and the cause is remanded to the Superior Court of Forsyth County with directions that it enter a decree on the facts found adjudging such deed to be valid and quieting the title of the plaintiff, Odell B. Doub, to the property in controversy as against the adverse claims of the answering defendants.

Error and remanded.