0080

Lewis Edgar McCONNELL and Ruby C. McConnell, Appellants, v. Ruby Head Brooks SMITH, individually and as Executrix under the Last Will and Testament of Lawrence Augustus Smith, deceased, and Tony Augustus Smith, Respondents.

(313 S. E. (2d) 34)

Court of Appeals

*Harold P. Threlkeld,* of *McIntosh, Threlkeld, Glenn & Sherard,* Anderson, *for appellants.*

*Richard S. Vaughan, Jr.* and *Carolyn Baird,* Anderson, and *John R. Lester,* Columbia, *for respondents.*

Heard Nov. 10, 1983.

Decided Feb. 17, 1984.

BELL, Judge:

Lewis Edgar McConnell and Ruby C. McConnell brought this action in equity to confirm title to real property purchased from Ruby Head Brooks Smith as executrix of the will of Lawrence Augustus Smith, deceased. Tony Augustus Smith, the decedent's youngest son, counterclaimed for a declaration that he is owner of an undivided one half interest in the property. The circuit court granted judgment on the counterclaim. The McConnells appeal. We reverse and remand for entry of judgment confirming the McConnells' title.

The case was tried on stipulated facts. It appears that Lawrence Augustus Smith, late of Anderson County, died testate on November 8, 1960, seised of the tract of land in question. His Will devised and bequeathed all his property, of

whatever kind, to his wife, Ruby Head Brooks Smith (the wife), and his son, Tony Augustus Smith (the son), share and share alike. The wife was appointed executrix of the Will with a power of sale more fully described below.

By letters dismissory, the probate court discharged the wife from administration of the estate on September 7, 1962. At that time, the land in question was still vested in the wife and the son. Over a year later, on October 29, 1963, the wife executed a deed, individually and in her capacity as executrix of the estate of Lawrence Augustus Smith, purportedly conveying the tract in question to the McConnells. At the time of the sale, the son was still a minor. The sale of the son's interest was made without approval of the court.

The clause of the Will appointing the wife as executrix stated:

> I nominate and appoint my wife, RUBY HEAD BROOKS SMITH, as Executric [sic] of this my last will and testament, and give her full power to sell and convey at public or private the [sic] sale of [sic] part or all of my property as she in her judgment deems best, she it [sic] to invest and reinvest the proceeds of such sale during her lifetime and widowhood, and at her death it is to all go to my son, TONY AUGUSTUS SMITH, to have and to hold until [sic] he becomes as [sic] of age.[1]

It is admitted that this provision empowered the wife to sell and convey good title to the land in question while acting as executrix under the Will. The issue in controversy is whether the power of sale was terminated when the wife was discharged as executrix by the issuance of letters dismissory in September, 1962.

Whether a testamentary power to sell real property ▆ extends beyond the period in which the executor is to perform his ordinary duties of administration depends on the intention of the testator as expressed in the will. *Doub v. Harper*, 234 N. C. 14, 65 S. E. (2d) 309 (1951); *Sharpe v. Ogle*,

---

[1] The Will is filled with grammatical, syntactical, and typographical errors. If read literally throughout, it would also contain serious contradictions. Although the record is silent on the point, we infer that the Will was drafted by the testator himself without the assistance of a lawyer.

138 Md. 10, 113 A. 340 (1921); 5 Bowe-Parker, *Page on Wills,* § 45.10. If the will directs the executor to sell property, the power to sell is normally deemed to be in aid of administration and the donee of the power has no authority to sell after his discharge as executor. *Boland v. Tiernay,* 118 Iowa 59, 91 N. W. 836 (1902). If the will confers a power of sale with discretion to sell or not, as the donee of the power sees fit, the power is normally considered personal and independent of the character of the donee as executor. It survives the final administration of the estate and continues until the purposes for which it was granted have been accomplished. *Donaldson v. Allen,* 182 Mo. 626, 81 S. W. 1151 (1904); *Rawlings v. Rawlings,* 332 Mo. 503, 58 S. W. (2d) 735 (1933). In either case, the object of the testator in granting the power is the controlling consideration.

In this case we believe the testator's purpose was to ■ give his wife control over the devised property during their son's minority. Thus, the power of sale was in the nature of a trust personal to the wife rather than a power in aid of administration. Several features of the Will point to this conclusion.

The testator appointed his daughter-in-law, Sara, as his executrix in the event the wife predeceased him. In distinct contrast to the wife, Sara was not given discretionary power to sell the property. This difference suggests the power of sale was not in aid of administration, but was personal to the wife.

The same intent is inferable from the testator's disposition of his estate. The testator had four other children, who appear to have attained majority at the time the Will was made. The Will leaves three of these children and the daughter of the fourth[2] $1.00 each, with the statement, "I feel justified in this as I have already given them their part." All of the testator's property is left to his wife and the youngest son with the direction that "they are to share and share alike under the provisions of this will." The only other provision of the Will dealing with the interests of the wife and son in the property is the clause granting the power of sale quoted above. The disposition of the testator's estate is simple. Since the other children receive only nominal legacies in the Will, a power of

---

[2] The fourth child was dead at the time the Will was made.

sale is not needed to carry out distribution of the estate. This suggests a purpose for the power of sale other than to aid in administration.

Finally, the language of the power of sale itself indicates the power is personal to the wife. Although the clause is difficult to disentangle, the Will clearly evidences the special trust and confidence placed in the wife by the testator. It seems to look to her to manage the son's interest in the property until he comes of age. There also seems to be a desire for the wife to have the use of the estate during her life and widowhood with everything to go to the son thereafter. The fact that the wife and son are both granted undivided enjoyment of the entire estate reinforces the conclusion that the power of sale is in the nature of a personal trust to the wife, to be exercised for her benefit as well as the son's. The testator knew his son was a minor at the time he made the Will. Nothing would be more natural than giving the mother and wife control of the son's interest until he was grown and entitled to enjoy it in his own right. However inartfully expressed, we believe this is what the testator intended to do in the Will.

Because the power of sale was connected with the use and enjoyment of the estate by the wife and the son, it extended beyond the duties of administration imposed on the wife as executrix. Therefore, the power of sale was not revoked or terminated by the granting of letters dismissory to the wife. She had full power under the Will to sell and convey the disputed land to the McConnells. The fact that a legal interest in the land was devised to the son did not operate as a limitation on the power of sale. *Foley v. Devine*, 95 N. J. Eq. 473, 123 A. 248 (1924). His interest was subject to the power of sale and could be divested by a valid exercise of the power. *Id.* Accordingly, the judgment of the circuit court is reversed and the case is remanded for entry of judgment confirming title in the McConnells.

Reversed and remanded.

SANDERS, C. J., and GARDNER, J., concur.